## BROADNAX et al. *v.* THOMASON.

Defendant moved to set aside a writ of arrest, on the ground that plaintiffs are non-residents. It was proved that they are commercial partners, doing business in this State under one name, and in an adjoining State under another; that three of the partners reside in the latter State, and one in this; and that the note sued on was payable to plaintiffs under the name used by their firm, in such adjoining State: *Held*, that the fact of some of the partners being non-residents cannot deprive the resident partner, who has a community of interest in the entire debt, and is considered as the representative of the firm, of the right of resorting to a remedy by which he might enforce his individual rights. He is not within the prohibition of sect. 9 of the stat. of 28 March, 1840.

Under the system of jurisprudence established in those States in which the common law prevails, a sheriff may seize, under an execution against a partner individually, all his interest in the partnership property, subject to the prior rights and liens of the other partners and of the creditors of the partnership. The creditor may, after the seizure and before the sale, institute proceedings against the other partners to ascertain the amount of the interest seized; or he may cause a sale to be made, and leave it to the purchaser to ascertain it.

Where in an action by a partnership to recover a debt due to the firm, defendant shows that he had been previously made a garnishee in a suit instituted in another State by a creditor of two of the partners, any judgment rendered against him must be subject to the condition that, no execution be taken out until the extent of his liability under the proceedings in such other State be ascertained.

APPEAL from the District of the First District, *Buchanan*, J. *Elmore*, and W. W. *King*, for the plaintiffs. *Lockett*, for the appellant. The judgment of the court was pronounced by

KING, J. This suit was instituted to recover the amount of a promissory note, and was commenced by an arrest of the defendant. There was a judgment against the defendant in the court below, from which he has appealed. The defendant admits his indebtedness, but contends : 1st, That all the parties to the suit are non-residents of the State, and that the arrest was therefore illegal. 2d. That by a process of garnishment, issued in the State of Alabama, where he resides, this claim was seized, prior to the institution of this suit, by judgment creditors of the plaintiffs, and that, in the event of a judgment being rendered against him in this State, he will be exposed to the payment of the same debt twice.

I. It appears from the evidence that the plaintiffs, who are four in number, three of whom reside in Alabama and one in this State, are associated together as commercial partners, and have two firms, one of which is established in Mobile and the other in New Orleans, differing only in the name by which they are known and do business in those cities. The note in suit is made payable to the plaintiffs, by the name under which they are known in Mobile. The partner, who resides in this State, instituted the proceedings in the name of the partnership, and took the required oath for the arrest. He has a community of interest in the entire debt claimed, and is considered in law the accredited representative of the firm, possessing dominion. not over his own share only, but over the whole demand. He may consequently avail himself in the collection of such demands, of the same remedies by which he could assert his own individual rights. The fact that some of his co-partners reside abroad, whose names he is required to associate with his own in order to maintain his action, does not deprive him of this right, or bring him within the prohibition of the act of 1840.

II. A judgment was obtained in Alabama against *Broadnax & Newton*, two of the plaintiffs, by *Harrison & Blair*, who, by process of garnishment, have made the defendant a party to their proceeding, and required him to declare, under oath, what effects of *Broadnax & Newton* he holds in his hands, and the amount of his indebtedness to them. This proceeding, which, it is admitted, is the same in Alabama as in this State, is equivalent to a levy on the interest of the two plaintiffs in the note in suit, to take effect from the date of the service of the interrogatories on the garnishee. Act of 1839. When the defendant's answers disclose his indebtedness to the plaintiffs, the interest of *Broadnax & Newton* therein will, if it be subject to seizure, be considered as levied upon, and a judgment will be rendered against him in Alabama for the amount of that in-

BROADNAX
v.
THOMASON.

terest.  It is against a liability to pay this sum twice, that the defendant claims protection.

The question which arises is not one of compensation, as has been contended by the plaintiff, but involves the right to seize partnership property in satisfaction of a seperate debt of two of the partners.  It does not become necessary to determine what would be the rights of the creditor of a separate partner, in this respect, under our own system of jurisprudence.  It is known to us, as part of the political and legislative history of the country, that the common law, as modified by statute, prevails in the State of Alabama, where the seizure was made, and where the liability of the defendant is to be determined.  To that system we must have recourse for the rules which govern the rights of the parties in this controversy.  Judge Story lays down the principal as being now well settled, that "the partnership property may be taken in execution, upon a separate · judgment and execution against one partner; but the sheriff can only seize and sell the interest and right of the judgment partner therein, subject to the prior rights and liens of the other partners, and the joint creditors therein."  The judgment creditor may, after the seizure and before the sale, institute proceedings against the other partners, for the ascertainment of the quantity of the interest seized ; or if he cause, as he may, the sale to be made without having previously ascertained the interest, the purchaser of the property enjoys the same right of proceeding against the remaining partners, to ascertain what he has acquired.  Story on Partnership, §§ 261, 262, 263, and *notes*.  8 Mart. N. S. 606.

It is consequently clear that the defendant will be held, in Alabama, to pay to the judgment creditors of *Newton & Broadnax*, the interest of those partners in the note now in suit, whenever that interest shall have been ascertained. He therefore presents an equitable claim, repeatedly recognised in such cases, to be protected against the consequences of two judgments against him, for the same sum.  7 Mart. N. S. 33.  10 Mart. 628.  The court below erred in rendering an unconditional judgment against the defendant.  Provision should have been made in the decree against the issuing of a *fieri facias*, until the extent of the defendant's liability under the proceedings in Alabama was ascertained, and in that respect it must be amended.

It is therefore ordered that the judgment of the District Court, condemning the defendant to pay the plaintiffs the sum of $675 88, with interest at the rate of eight per cent per annum from the 6th May, 1845, until paid, be affirmed.  It is further decreed that, the plaintiffs shall not take out execution, until they file in the office of the District Court, authentic evidence that the process has been discharged, or of the amount which the defendant may be decreed to pay, as garnishee in the suit of *Harrison & Blair* v. *Broadnax & Newton*, in the State of Alabama; and, upon filing such evidence, execution may issue for the amount of this judgment, after deducting therefrom the sum, if any, that said defendant may be decreed to pay in said suit in Alabama.  It is further ordered that the plaintiffs pay the costs of this appeal, and the defendant those of the court below.